IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK NEFF | * | |
| Plaintiff | * | |
| v | * | Civil Action No.RDB-14-718 |
| SGT. STEVEN, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This is a civil rights case filed by Plaintiff Pro Se, Frank Neff, an inmate confined to Eastern Correctional Institution (ECI). ECF 1. Defendants' Motion to Dismiss or for Summary Judgment (ECF 23) is pending and Plaintiff opposes the motion (ECF 26). The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff alleges that Defendants, officers at ECI, violated his First Amendment right to freely practice his religion when they stopped him from praying and confiscated and destroyed his chakra headband, medicine bag, and beads. He states he was told the items confiscated were contraband. A disciplinary infraction was written, resulting in 180 days of disciplinary segregation and 380 days of good conduct time lost. He explains that his chosen faith is a Native American religion and officials at ECI are not allowing him to attend services. As relief he seeks monetary damages and restoration of the good conduct time revoked. ECF 1 at pp. 2 – 4.

Defendants admit that Plaintiff is registered as Native American for purposes of his religious preference and that he is permitted to possess certain religious items while housed in general population at ECI. ECF 23 at Ex. 1. Once an inmate is assigned to administrative or

disciplinary segregation, however, he forfeits the right to attend congregate worship services and to possess religious items used for congregate worship. On November 18, 2013, Plaintiff, who was assigned to housing unit 9 for purposes of receiving medical treatment, raised a crutch in a threatening manner when he became irate with a sanitation worker. *Id*. at Ex. 1 – 4. As a result of his actions he was issued a notice of infraction and immediately transferred to administrative segregation.[1] While Plaintiff was being escorted to administrative segregation he threw his crutch at Sgt. Haase and was, therefore, issued a second notice of infraction and placed on level three staff alert as he was determined to be a security risk. *Id*. at Ex. 1-5 and 1-6.

As policy dictates, Plaintiff's assignment to administrative segregation required limitation on the items of property he could keep in his possession. Upon his transfer to the administrative segregation unit the following items were confiscated: a black permanent marker, two religious necklaces, and a beaded bracelet. *Id*. at Ex. 1-7. The black permanent marker is considered contraband so it was forfeited, but the remaining items were placed in storage to be returned to Plaintiff upon his release from segregated confinement. Plaintiff was given notice regarding the disposition of his property, but refused to sign forms acknowledging receipt of the notice. *Id*. Defendants state that during Plaintiff's stay in administrative segregation, he experienced several health issues, refused medical treatment, and exhibited an overall difficult disposition.

A disciplinary hearing was held on December 30, 2013, after it was determined that Plaintiff was competent to proceed with the hearing. Because Plaintiff did not actually hit the sanitation worker he was found not guilty of assault or battery on staff (Rule 101), but was found guilty of using intimidating, coercive, or threatening language (Rule 104). ECF 23 at Ex. 1- 5, p. 2; and Ex. 1-8, pp. 2- 3. In addition, Plaintiff was found guilty of disobeying an order (Rule 400)

---

[1] Defendants cite the seriousness of Plaintiff's conduct and his continued need for medical treatment as reasons for his transfer. ECF 23 at Ex. 1-3.

and demonstrating disrespect or using vulgar language (Rule 405). *Id*. Plaintiff was sanctioned to 180 days on disciplinary segregation, 180 days loss of visitation privileges, and 230 days loss of good conduct credit. ECF 23 at Ex. 1-8.

On February 10, 2014, Plaintiff was being treated for chest pain when Sgt. Haase noticed a bulge in his sock. Before Haase could determine what it was, Plaintiff removed it from his sock, pushed Haase out of the way, and flushed the small white package wrapped in plastic down the toilet. *Id*. at Ex. 1. Plaintiff was issued another notice of infraction for assaulting a correctional officer. A hearing on the infraction was held on March 12, 2014. Plaintiff was found guilty and sanctioned to 250 days of disciplinary segregation, 365 days loss of visitation, and 250 days loss of good conduct credit. *Id*. Defendants state that while Plaintiff is confined to segregation the items of property confiscated from him remain in storage. *Id*.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557,

586 (2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

**Analysis**

Defendants assert that Plaintiff has failed to exhaust administrative remedies with respect to the claims raised in the Complaint. ECF 23-1 at p. 10. The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that he is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional

conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530; *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full

administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F. 3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In his Response in Opposition, Plaintiff does not address Defendants' assertion regarding exhaustion.  ECF 26; *see also* ECF 27.  Rather, Plaintiff attempts to coerce this Court into ruling in his favor with the threat of appealing this case to the Supreme Court and reporting his allegations of constitutional rights violations to the United States Department of Justice.  *Id*.  While Plaintiff remains free to appeal this Court's decision, his failure to exhaust administrative remedies precludes judgment in his favor. Defendants are entitled to summary judgment in their favor.

A separate Order follows.


October 10, 2014                          _____/s/_____
                                          RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE